AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

COUNT 1: 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud
COUNTS 2-8: 18 U.S.C. § 1343 - Wire Fraud

~~UNDER SEAL~~

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: COUNTS 1-8: 20 years imprisonment, $250,000 fine, 3 years of supervised release, $100 mandatory special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
NOV -7 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**
▶ Kimberly Dominguez

DISTRICT COURT NUMBER
CR 19 0591 HSG

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
SSA OIG

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form     DAVID ANDERSON
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     SAUSA Christopher Vieira

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction      ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____     Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

## OFFENSE CHARGED

COUNT 1: 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud

~~UNDER SEAL~~

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: COUNT 1: 20 years imprisonment, $250,000 fine, 3 years of supervised release, $100 mandatory special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
NOV -7 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## DEFENDANT - U.S
▶ Erick Dominguez

DISTRICT COURT NUMBER
CR 19 0591 HSG

## DEFENDANT

### IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

## PROCEEDING
Name of Complaintant Agency, or Person (& Title, if any)
SSA OIG

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form   DAVID ANDERSON
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   SAUSA Christopher Vieira

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
_____

Date/Time: _____   Before Judge: _____

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

FILED
NOV -7 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

CR 19 0591 HSG

KIMBERLY DOMINGUEZ AND ERICK DOMINGUEZ,

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

_____
Foreman

Filed in open court this ___7___ day of _11_ _2019_

_____ ROSE MAHER
Clerk    NO BAIL WARRANT

THOMAS S. HIXSON    Bail, $ _____
UNITED STATES MAGISTRATE JUDGE

DAVID L. ANDERSON (CABN 149604)
United States Attorney

FILED
NOV -7 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19 0591 HSG |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; |
| KIMBERLY DOMINGUEZ and ERICK DOMINGUEZ, | 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation |
| Defendants. | OAKLAND VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

1. Kimberly Dominguez ("KIMBERLY"), is employed by the Social Security Administration ("SSA") at the agency's Oakland Teleservice Center.

2. Erick Dominguez ("ERICK") is KIMBERLY's husband.

3. SSA payments originate in Baltimore, Maryland and are electronically-routed through the Bureau of Fiscal Service's Kansas City Financial Center in Kansas City, Missouri. After processing in Kansas City, Missouri, payments are electronically-routed through the Federal Reserve Bank in East Rutherford, New Jersey to a Social Security recipient's bank account.

The Scheme and Artifice to Defraud

4. From a time unknown but no later than October 5, 2015 and continuing until at least

INDICTMENT

September 25, 2019, KIMBERLY and ERICK knowingly participated in, devised, and intended to devise a scheme to defraud the SSA. Specifically, KIMBERLY used her employment at the SSA's Oakland Teleservice Center to access SSA databases in order to divert Social Security recipients' direct deposit payments to Comerica Direct Express accounts that she controlled. After the SSA deposited diverted benefits into the Comerica Direct Express accounts that KIMBERLY controlled, KIMBERLY, ERICK and/or their associates withdrew money from the accounts, primarily via ATM cash withdrawals.

5. On or about October 5, 2015, KIMBERLY accessed an SSA database and diverted Social Security recipient R.V.'s direct deposit payment from R.V.'s designated bank account to a Comerica Direct Express account that KIMBERLY controlled. KIMBERLY also changed R.V.'s home address in the SSA's database. After the SSA deposited R.V.'s benefits into the Comerica Direct Express account, KIMBERLY and/or her associates withdrew money from the account via ATM cash withdrawals.

6. On or about November 12, 2015, KIMBERLY accessed an SSA database and diverted Social Security recipient S.L.'s direct deposit payment from S.L.'s designated bank account to a Comerica Direct Express account that KIMBERLY controlled. KIMBERLY also changed S.L.'s home address in the SSA's database. After the SSA deposited S.L.'s benefits into the Comerica Direct Express account, KIMBERLY and/or her associates withdrew money from the account via ATM cash withdrawals.

7. On or about April 22, 2016, KIMBERLY accessed an SSA database and diverted Social Security recipient A.H.'s direct deposit payment from A.H.'s designated bank account to a Comerica Direct Express account that KIMBERLY controlled. KIMBERLY also changed A.H.'s home address in the SSA's database. After the SSA deposited A.H.'s benefits into the Comerica Direct Express account, KIMBERLY and/or her associates withdrew money from the account primarily via ATM cash withdrawals.

8. The SSA suspended P.P.'s benefits in mid-2014 because it had not been able to contact him. On or about December 4, 2017, KIMBERLY accessed an SSA database, reinstated P.P.'s suspended benefits, and diverted P.P.'s benefit payments to a Comerica Direct Express account that KIMBERLY controlled. KIMBERLY also changed P.P.'s home address in the SSA's database. After

the SSA deposited P.P.'s benefits into the Comerica Direct Express account, KIMBERLY and/or her associates withdrew money from the account via ATM cash withdrawals.

9. On or about July 11, 2018, KIMBERLY accessed an SSA database and diverted Social Security recipient M.A.'s direct deposit payment from M.A.'s designated bank account to a Comerica Direct Express account that KIMBERLY controlled. KIMBERLY also changed M.A.'s home address in the SSA's database. After the SSA deposited M.A.'s benefits into the Comerica Direct Express account, KIMBERLY and/or her associates withdrew money from the account primarily via ATM cash withdrawals.

10. On or about July 30, 2018, KIMBERLY accessed an SSA database and diverted Social Security recipient R.G.'s direct deposit payment from R.G.'s designated bank account to a Comerica Direct Express account that KIMBERLY controlled. KIMBERLY also changed R.G.'s home address in the SSA's database. After the SSA deposited R.G.'s benefits into the Comerica Direct Express account, KIMBERLY and/or her associates withdrew money from the account via ATM cash withdrawals.

11. The SSA suspended D.W.'s benefits in early 2018 because it learned that D.W. might be deceased. On or about September 27, 2018, KIMBERLY accessed an SSA database, reinstated D.W.'s suspended benefits, and diverted D.W.'s benefit payments to a Comerica Direct Express account that KIMBERLY controlled. KIMBERLY also changed D.W.'s home address in the SSA's database. After the SSA deposited D.W.'s benefits into the Comerica Direct Express account, KIMBERLY, ERICK, and/or their associates withdrew money from the account via ATM cash withdrawals.

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

12. Paragraphs 1 and 11 are re-alleged and incorporated as if fully set forth herein.

13. From a time unknown but no later than October 5, 2015 and continuing until at least September 25, 2019, in the Northern District of California and elsewhere, the defendants,

KIMBERLY DOMINGUEZ and ERICK DOMINGUEZ,

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, by devising a scheme and artifice to defraud and a scheme to obtain money by means of false and fraudulent representations, specifically by diverting Social Security recipients' direct deposit payments

to Comerica Direct Express accounts and withdrawing the money from the accounts.

All in violation of Title 18, United States Code, Section 1349.

<u>COUNTS TWO THROUGH EIGHT</u>: (18 U.S.C. § 1343 – Wire Fraud)

14. Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated as if fully set forth here.

15. From October 28, 2015 and continuing through at least September 25, 2019, in the Northern District of California and elsewhere, the defendant,

KIMBERLY DOMINGUEZ,

for the purpose of executing the material scheme and artifice to defraud investors, and for obtaining money and property from investors by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is, electronic funds transfers from the Social Security Administration to fraudulent Comerica Direct Express accounts, as further set forth below:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 2 | 10/28/2015 | $2,367.00 | Social Security Administration | R.V.'s fraudulent Comerica Direct Express account ending in 7538 |
| 3 | 1/20/2016 | $1,117.30 | Social Security Administration | S.L.'s fraudulent Comerica Direct Express account ending in 4330 |
| 4 | 6/15/2016 | $2,536.00 | Social Security Administration | A.H.'s fraudulent Comerica Direct Express account ending in 3950 |
| 5 | 12/14/2017 | $31,631.00 | Social Security Administration | P.P.'s fraudulent Comerica Direct Express account ending in 0629 |
| 6 | 8/15/2018 | $3,508.00 | Social Security Administration | R.G.'s fraudulent Comerica Direct Express account ending in 0768 |
| 7 | 12/12/2018 | $1,059.00 | Social Security Administration | M.A.'s fraudulent Comerica Direct Express account ending in 0263 |
| 8 | 9/25/2019 | $1,660.00 | Social Security Administration | D.W.'s fraudulent Comerica Direct Express account ending in 3159 |

Each in violation of Title 18, United States Code, Section 1343.

<u>FORFEITURE ALLEGATION</u>: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

16. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

17. Upon conviction for any of the offenses set forth in this Indictment, the defendants,

| | KIMBERLY DOMINGUEZ and ERICK DOMINGUEZ, |
|---|---|
| 1 | |
| 2 | shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and |
| 3 | Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived |
| 4 | from proceeds the defendant obtained directly and indirectly, as the result of those violations, including |
| 5 | but not limited to the following: |

      a. a sum of money equal to the amount of proceeds obtained as a result of the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

      a. cannot be located upon exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

      All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: 7 NOV 2019

A TRUE BILL.

_____
FOREPERSON

DAVID L. ANDERSON
United States Attorney

_____
CHRISTOPHER VIEIRA
Special Assistant United States Attorney

INDICTMENT        5